# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-203-FDW

| | |
|---|---|
| CHAUNCEY DIESHAWN CHANDLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FNU MITCHELL, et al., )<br>)<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's application to proceed in forma pauperis, (Doc. No. 2). 28 U.S.C. §§ 1915(e), 1915A(a).

The Court first notes that Plaintiff's trust fund account statement shows that as of February 28, 2014, Plaintiff had $0.00 in his trust account. (Doc. No. 5 at 3). The Court will grant Plaintiff's application to proceed in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Chauncey Dieshawn Chandler is a prisoner of the State of North Carolina, currently incarcerated at Lanesboro Correctional Institution. Plaintiff filed this action on April 24, 2014, naming as defendants the following three individuals: FNU Mitchell, identified as the Superintendent of Lanesboro; FNU Mims, identified as a Captain at Lanesboro; and David Arron, identified as the Unit Manager for the Moore Unit at Lanesboro. (Doc. No. 1 at 2). In his Statement of Claim, Plaintiff alleges:

> Well on DOC Computer Is-11 Screen shows I been held without my will since March 22 for a fight where somebody was given a note to stab [sic] me, they put me n da [sic] hole an [sic] said I started because when we came out, attack out of

> fear. What happen [sic] some dudes saw my 4 paws when walking to the shower, an [sic] begin to plot. See Lanesboro was on lockdown when I arrived hear N. Dec. [sic]. They just charge me wit a write up but suspend it but still got me segregation for nothing. I been ADD since 9 years old so I go threw ODC problems so it's hard to explain everything but I have grievance file num# on copy's so you can search. I'll send it.

(Doc. No. 1 at 3). Plaintiff states that, as relief, he "just want[s] liberation and justice. I been here at Lanesboro my whole time basically we can't go to school i sat n a room 24 hours without rec stretching my legs an [sic] I'm losing my mind. I just ask the court for justice or whatever they see fit n [sic] this behalf." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff appears to be alleging in his Complaint that because of a tattoo that he received while he was a former gang member, other gang members in the prison have tried to harm him. Plaintiff filed a grievance on January 12, 2014, complaining that gang members on the unit had placed a threat on his life. (Doc. No. 1 at 2; Doc. No. 3 at 2). He also appears to be alleging that he has been placed in segregation after getting into a fight with another inmate. (Doc. No. 1 at 3). Attached to Plaintiff's prisoner administrative remedy statement is a report dated April 16, 2014, showing that Plaintiff pled guilty to a disciplinary offense that occurred on March 22, 2014, and that he received 15 days in segregation for the offense. (Doc. No. 3 at 3). Finally, Plaintiff complains generally that he does not like being in the prison because he suffers from attention deficit disorder and has problems with obsessive compulsive disorder. See (Doc. No. 1 at 3).

To the extent that Plaintiff is attempting to bring an Eighth Amendment claim based on failure to protect, Plaintiff's allegations are simply not sufficient to allege a claim for failure to protect. A prison official's "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). The United States Supreme Court and the Fourth Circuit have rejected a negligence standard in determining deliberate indifference. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312, 1315-17 (4th Cir. 1991). Thus, merely negligent behavior by a prison official in failing to protect a prisoner from a risk of harm does not present a constitutional violation. See Whitley, 475 U.S. at 319 ("[C]onduct that does not purport to be punishment at all must involve more than ordinary lack of due care . . . . [O]bduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the

Eighth Amendment]."); see also Moore, 927 F.2d at 1316 (citing Fourth Circuit cases adopting the Supreme Court's reasoning in Whitley). The Supreme Court has summarized deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Farmer, 511 U.S. at 837.

Here, although Plaintiff appears to have filed a grievance complaining about a threat from another inmate, he does not allege anywhere in the Complaint that officials at the prison failed to protect him from such alleged threat. Furthermore, Plaintiff does not allege any personal participation in any alleged conduct by any of the named Defendants. In sum, Plaintiff simply fails to state a claim against any of the named Defendants and this action will, therefore, be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: May 5, 2014

Frank D. Whitney
Chief United States District Judge

4